# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLEOTHUS O. PRICE (#398352)**            **CIVIL ACTION**

**VERSUS**

**JAMES LeBLANC, ET AL.**            **NO. 14-0333-JWD-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 3, 2015.

                           **RICHARD L. BOURGEOIS, JR.**
                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CLEOTHUS O. PRICE (#398352)                                    CIVIL ACTION

VERSUS

JAMES LeBLANC, ET AL.                                          NO. 14-0333-JWD-RLB

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motion for Summary Judgment of defendants N. Burl Cain, Stephanie Lamartiniere, Ronnie Plauche and Leslie Lofton (R. Doc. 19). This motion is opposed.

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Ass't Warden Stephanie Lamartiniere, Ass't Warden Leslie Dupont, Lt.Col. Shirley Whittington, Medical Technician Ronnie Plauche, the R.E. Barrow Treatment Center, and unidentified "insurers" of the Treatment Center, complaining that his constitutional rights were violated in December, 2013, through deliberate indifference to his serious medical needs.[1] Pursuant to amendment to the Complaint, *see* R. Docs. 11 and 13, the

---

1. An attempt by the United States Marshal's Office to serve the R.E. Barrow Treatment Center and the unnamed "insurers" of the Treatment Center has proven unsuccessful, specifically because service of process was not accepted on behalf of these entities at the offices of the Louisiana Department of Public Safety and Corrections. *See* R. Doc. 10. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. It is appropriate, therefore, that the plaintiff's claims asserted against the Treatment Center and its unnamed insurers be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them. In addition, these defendants are not properly before the Court in any event.

plaintiff has added Nurse Leslie Lofton as a defendant herein, added a claim regarding alleged generalized deficient medical care at LSP, and voluntarily dismissed his claims asserted against defendants James LeBlanc, Leslie Dupont and Shirley Whittington.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, certified copies of excerpts from the plaintiff's medical records, a certified copy of the plaintiff's pertinent Request for Administrative Remedy, and the affidavits of Trish Foster and defendants Burl Cain, Stephanie Lamartiniere, Leslie Lofton and Ronnie Plauche.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.

---

In the first place, the plaintiff has failed to amend his Complaint to identify the unnamed insurers. Further, with regard to the Treatment Center, Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of an entity such as the Treatment Center to sue or be sued is determined by the law of the state in which the district court sits. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). In addition, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The R.E. Barrow Treatment Center is not a separate entity but is a medical facility staffed and operated by LSP employees on the grounds of the state penitentiary and is not a person within the meaning of the referenced statute. *See, e.g., Jeffries v. St. Bernard Parish Sheriff's Dept.*, 2013 WL 6044365, *4 (E.D. La. Nov. 13, 2013) (finding that a parish jail "medical department" is not subject to suit in federal court); *Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"). Accordingly, the plaintiff fails to state a claim upon which relief may be granted relative to the R.E. Barrow Treatment Center, and this defendant would be subject to dismissal from this proceeding as a matter of law.

*Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his original Complaint, the plaintiff alleged that he made a request for emergency medical attention on December 17, 2013, and was seen by a medical technician, defendant E.M.T. Ronnie Plauche, on that date. Defendant Plauche evaluated the plaintiff, took the plaintiff's vital signs, and noted that the plaintiff was suffering from flu-like symptoms and fever. Defendant Plauche wrote a prescription for five (5) medications that defendant Plauche advised would be delivered to the plaintiff's housing unit. According to the plaintiff, however, the prescribed medications were never delivered, and he was not referred to see a physician. The

plaintiff complains that, as a result, he suffered for a period of between four and seven days thereafter, until the symptoms finally resolved. Whereas the plaintiff was initially charged $10.00 for the cost of the prescribed medications, the plaintiff concedes that prison officials thereafter acknowledged that a mistake had occurred and reimbursed the plaintiff's account.[2] In an amendment to the plaintiff's Complaint, *see* R. Doc. 11, the plaintiff has provided additional allegations regarding alleged generalized deficiencies in the medical care provided to inmates at LSP, which deficiencies the plaintiff attributes to alleged overcrowding at LSP, to alleged insufficient numbers of licenced and trained physicians, nurses, and medical technicians, to an alleged lack of training and supervision, and to alleged unconstitutional policies created and implemented by supervisory officials at LSP, including defendants Burl Cain and Stephanie Lamartiniere. According to the plaintiff, these policies include an alleged "slow roll" policy that operates to delay the provision of adequate medical care to inmates.

In response to the plaintiff's allegations, the defendants first contend that the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is not properly before the Court. Although the plaintiff's Complaint is unclear as to whether he has named the defendants in their official and/or their individual capacities, the Court will liberally interpret the plaintiff's *pro se* Complaint as naming the defendants in both capacities. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the defendants are correct that § 1983 does not provide a federal forum for a litigant seeking monetary damages against a state official acting in an official capacity because such official is not seen to be a "person" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in

---

2. Inasmuch as the plaintiff concedes that the money charged to his prison account for the undelivered medication was reimbursed to him, his claim relative to the deprivation thereof is moot and will not be addressed by the Court.

*Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity claims and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the State and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendants in their official capacities is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains theoretically viable because a claim for monetary damages asserted against a state official in an individual capacity, seeking to impose personal liability for actions taken by the official under color of state law, is not treated as a suit against the State. *Id.*[3]

Turning to a consideration of the plaintiff's claims that are not barred by the Eleventh Amendment, the Court will first address the defendants' contention that certain of the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him at the prison prior to commencing a civil action in this Court with respect to

---

3. The plaintiff also asserts herein a claim for declaratory and injunctive relief, and such a claim asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment because such a claim is not seen to be a claim asserted against the state. *See Will v. Michigan Department of State Police, supra*, 491 U.S. at 71 n. 10; 15 *Am. Jur. 2d Civil Rights* § 101. However, although there is no jurisdictional bar to the plaintiff's claim for equitable relief asserted against the defendants in their official capacities, the Court concludes in this Report, as discussed hereafter, that the plaintiff's claim for equitable relief – that is directed principally toward the issues of alleged generalized deficiencies in the medical care provided at LSP and the conditions to which inmates are allegedly subjected at the prison – is not properly before the Court because these issues are unexhausted. Accordingly, the Court need not address the plaintiff's claim for declaratory and injunctive relief.

prison conditions.[4] This provision is mandatory and applies broadly to "all inmate suits about prison life". *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "'time and opportunity to address complaints internally.'" *Johnson v. Johnson*, *supra*, 385 F.3d at 516, *quoting Porter v. Nussle*, *supra*, 534 U.S. at 525. Further, the degree of specificity necessary in a prisoner's grievance should be evaluated in light of this intended purpose. *Id.*

Upon a review of the plaintiff's pertinent administrative grievance, *i.e.,* the grievance that he filed relative to the claims asserted in this proceeding, the Court concludes that the defendants' motion is well-taken and should be granted. Specifically, it appears that the plaintiff submitted the referenced grievance on or about December 23, 2013, six (6) days after the date that he initially complained of flu-like symptoms and was seen and evaluated by the defendant medical technician, Ronnie Plauche. In that grievance, the plaintiff complained only that defendant Plauche had written five (5) prescriptions for medications to address the plaintiff's symptoms, but the medications had not been delivered, and no referral had been made for the

---

4. 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

plaintiff to see a physician. As a result, the plaintiff complained that he had been made to suffer for five (5) days, until the illness resolved on December 22, 2013, without treatment or attention. The plaintiff further complained that he had been charged $10.00 for the prescribed medications, and he requested that the charge be reimbursed. As such, the plaintiff complains in the referenced grievance only of alleged deficient medical care and treatment provided by defendant Plauche that resulted in a five-day period of discomfort and an improper monetary charge levied against his account. He makes no reference whatever to any alleged generalized deficiencies in the medical care provided to inmates at LSP, to over-crowding, to inadequate staffing, to an alleged failure to supervise or train, or to the alleged implementation of unconstitutional policies at the prison. Accordingly, there is nothing in the plaintiff's grievance that would have placed prison officials on notice that he was attempting to assert claims of that nature so as to "provide administrators with a fair opportunity under the circumstances to address the problem" now presented before this Court. *See Johnson v. Johnson, supra*, 385 F.3d at 517. Accordingly, the Court finds that the only claim that the plaintiff has properly exhausted in accordance with 42 U.S.C. § 1997e is the claim regarding the alleged failure to properly attend to his medical needs between December 17 and 23, 2013.

With regard to the claim that is properly before the Court, the law is clear that, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble, supra*. Nor do negligence, neglect, medical malpractice or unsuccessful

medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing principles, it is clear that the plaintiff has failed to state a claim of deliberate medical indifference on the part of the defendants named herein. To the contrary, the evidence reflects that the plaintiff complained of flu-like symptoms on December 17, 2013, and was evaluated by medical technician Ronnie Plauche in response. The plaintiff was noted to have a mildly elevated temperature and was given a dose of Tylenol during the evaluation. In addition, defendant Plauche prepared prescriptions for five (5) additional medications to address the plaintiff's symptoms and, as stated in defendant Plauche's affidavit, the defendant placed those prescriptions in the "pill box" on the plaintiff's cell tier for the prison pharmacy to fill and return to the plaintiff's housing unit. Also as attested in defendant Plauche's affidavit, a physician at LSP reviewed the notes from defendant Plauche's consultation with the plaintiff and

made no changes in connection with the defendant's recommended course of treatment. Whereas the plaintiff's prescriptions were not thereafter filled and delivered, it appears that this failure was the result of mere inadvertence on the part of unnamed prison personnel, and there is no suggestion in the record that such failure was the result of intentional conduct or was undertaken with a desire to cause the plaintiff harm or injury. Although the plaintiff may have experienced discomfort over the course of the next several days, he did not apparently submit any additional requests for medical attention, and he concedes that his illness resolved without any further complication within approximately five (5) days thereafter. Finally, the plaintiff admits that the money that was charged for the undelivered prescriptions was reimbursed to his account. In short, it does not appear that the plaintiff will be able to show in this case that any defendant was deliberately indifferent to his serious medical needs. Not only was he provided with treatment on December 17, 2013, when he complained of flu-like symptoms, but it does not appear that his symptoms presented a medical need of sufficient seriousness to support a claim for the violation of his constitutional rights. *See Kennedy v. Dallas Police Department*, 2007 WL 30260, *4 (N.D. Tex. Jan. 4, 2007) (compiling decisions finding that flu symptoms "do not constitute 'serious harm' necessary to establish an Eighth Amendment violation"). Accordingly, the plaintiff's claim in this regard is subject to dismissal as a matter of law.

      Finally, although not addressed in the defendants' motion for summary judgment, the Court notes that the plaintiff also seeks to invoke the supplemental jurisdiction of this Court over potential state law claims. A district court, however, is authorized to decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original

jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, considering that the Court recommends the dismissal of the federal claims asserted by the plaintiff herein, the Court further recommends that supplemental jurisdiction be declined in connection with the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the plaintiff's claims asserted against the R.E. Barrow Treatment Center and the unnamed "insurers" of the Treatment Center be dismissed for failure of the plaintiff to serve these defendants within 120 days as mandated by Fed. R. Civ. P. 4(m). It is further recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims and that the defendants' Motion for Summary Judgment (R. Doc. 19), be granted, dismissing the plaintiff's claims asserted against the defendants, in part for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and in part as being without merit, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on August 3, 2015.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**